IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STANLEY WAYNE STEPHENS, aka<br>STANLEY J. STEVENS,<br>(Tarrant #0233143)<br><br>VS.<br><br>STATE OF TEXAS | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO.4:12-CV-249-A<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, defendant/appellant Stanley Wayne Stephens has filed a motion for leave to proceed *in forma pauperis* on appeal. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is on appeal from the Court's dismissal of Stanley Wayne Stephens's civil case.

B. PARTIES

Stanley Wayne Stephens aka Stanley J. Stevens is the plaintiff/mandamus petitioner. The case was dismissed before service upon any of the named defendants.

C. LEGAL ANALYSIS

On June 8 and again on June 18, 2012, plaintiff/appellant Stephens filed an application/motion for leave to proceed *in forma*

*pauperis* (IFP) on appeal. The Court has referred the motion to the undersigned. In *Donaldson v. Ducote,* 373 F.3d 622, 624-25 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit *sua sponte* found that it did not have jurisdiction to review a magistrate judge's order denying an appellant's motion for leave to proceed in forma pauperis on appeal and certifying that the appeal was not taken in good faith. Appellant had not consented to the magistrate judge's ruling on his right to appeal *in forma pauperis*, and he had not been afforded the opportunity to object to the magistrate judge's recommendation. *Id.* at 624-25. Thus, the court of appeals remanded the case to the district judge "for the limited purpose of reviewing the magistrate judge's certification that [appellant's] appeal is not taken in good faith and entering an appropriate order." *Id* at 625. Guided by the logic of *Ducote*, the undersigned has considered Stephens's motion for leave to proceed *in forma pauperis* on appeal through this report and recommendation procedure, with time provided for appellant to submit objections.

The motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 should be denied for two reasons. First, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court should certify that the appeal is not taken in good faith because Stephens has an outstanding unpaid sanction order entered in *Stevens v. Fort Worth Police Department,* No.4:01-CV-136-Y which has not been satisfied. That order provides "[t]he

2

clerk of Court shall NOT accept any further petitions, complaints, motions pleadings, or other documents of any type from Stanley J. Stevens, Tarrant ID number 0233143, TDCJ -ID numbers 675202, 599185 except for complaints that Stevens is under imminent danger of serious physical injury, until he has paid in full the monetary sanction imposed in this cause." Second, this appeal is from a petition for mandamus relief of a civil nature, which is subject to the fee provisions of the Prison Litigation Reform Act.[1] Stephens is barred from proceeding in forma pauperis on appeal in such an action because of the "three strikes" rule of 28 U.S.C. § 1915(g).[2] In the motions to proceed in forma pauperis on appeal, Stephens has not claimed that he is "under imminent danger of serious physical injury" to satisfy the exception to 28 U.S.C. § 1915(g).

---

[1] This Court is guided by the directive that "[t]he nature of the underlying action determines whether the fee requirements of the PLRA are to apply to mandamus cases." See In re Jacobs, 213 F.3d 289, 290 n.1 (5th Cir. 2000)(citing In re Stone, 118 F.3d 1032, 1033 (5th Cir. 1997)); see also In re Crittendon, 143 F.3d 919, 920 (5th Cir. 1998)(citing Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997)). If the relief sought in the mandamus action is analogous to a civil complaint, the PLRA requirements apply, whereas if the relief sought is analogous to criminal litigation, the PLRA does not apply. See Stone, 118 F.3d at 1033-34; Santee, 115 F.3d at 357. In the underlying suit, Stephens primarily seeks an order of this Court to set aside a protective order imposed against him by the 324th Judicial District Court of Tarrant County, Texas, in civil case number 324-513279-12, styled Tina Louise Campbell v. Stephens aka Stevens. Such relief is more analogous to a civil complaint, and thus, the undersigned determines that the PLRA applies to this action.

[2] See Stevens v. Martin, et al., 4:95-CV-557-Y (Appeal No. 95-10904); Stevens v. McLeod, et al., 2:95-CV-240 (Appeal No. 95-10932); Stevens v. Tucker, et al., 2:95-CV-165 (Appeal No. 95-1107); Stevens v. Whitaker, 2:95-CV-153 (Appeal No. 95-11008). Under controlling Fifth Circuit authority, both the lower court's dismissal as frivolous and the appellate court's determination that the appeal is frivolous, are counted as separate qualifying dismissals under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

RECOMMENDATION

It is therefore RECOMMENDED that plaintiff/appellant Stanley Wayne Stephens's June 8, 2012 and June 18, 2012 motions/applications to proceed in forma pauperis on appeal (docket nos. 12 and 13) be DENIED.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 9, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest

injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until July 9, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED June 21, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE